22-921-cv
*Garrasi v. Wells Fargo Bank, N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand twenty-four.

Present:
> AMALYA L. KEARSE,
> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

Robert Garrasi,

> *Plaintiff-Appellant*,

> v.                                                              22-921

Wells Fargo Bank, N.A., Selene Finance, LP,
Wilmington Savings Fund Society, FSB,
Wilmington Savings Fund Society, FSB, DBA
Christiana Trust, Not In Its Individual
Capacity, But Solely As Trustee For BCAT
2015-13ATT, Mortgage Electronic
Registration Systems, Inc., Knuckles,
Komosinski & Manfro, LLP, Richard F.
Komosinski, Esq., Stuart Lawrence Kossar,
Esq.,

*Defendants-Appellees*[*],

BCAT 2015-13ATT,

        *Defendant*.

---

For Plaintiff-Appellant:                      Robert Garrasi, *pro se*, Clifton Park, NY.

For Defendants-Appellees:          Michael Margarella, Reed Smith LLP, New York, NY (*for* Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc.).

Michael C. Manniello, Hill Wallack LLP, New York, NY (*for* Selene Finance, LP, Wilmington Savings Fund Society, FSB, and Wilmington Savings Fund Society, FSB, dba Christiana Trust Not in its Individual Capacity but Solely as Trustee for BCAT 2015-13ATT).

John E. Brigandi, Knuckles, Komosinski & Manfro, LLP, Upper Saddle River, NJ (*for* Knuckles, Komosinski & Manfro, LLP, Richard F. Komosinski, and Stuart Lawrence Kossar).

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Robert Garrasi appeals from a judgment of the United States District Court for

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

the Northern District of New York (Gary L. Sharpe, *District Judge*), entered on March 30, 2022, granting Defendants-Appellees' motions to dismiss. Garrasi, proceeding *pro se*, sued Wells Fargo Bank and others, alleging claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act and N.Y. Judiciary Law § 487. Garrasi alleges that the defendants engaged in a RICO enterprise to fraudulently foreclose on his property. The district court dismissed the RICO claim as untimely and declined to exercise supplemental jurisdiction over the N.Y. Judiciary Law claim. We assume the parties' familiarity with this case.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). Because "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove," it may be raised in a Fed. R. Civ. P. 12(b) motion to dismiss only if the defense appears on the face of the complaint.[1] *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008); *see Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) ("[I]n the statute of limitations context . . . dismissal is appropriate only if a complaint clearly shows the claim is out of time.").

Civil RICO claims are governed by a four-year limitations period. *Rotella v. Wood*, 528 U.S. 549, 552 (2000). "In a RICO case, the first step in the statute of limitations analysis is to determine when the plaintiff sustained the alleged injury for which the plaintiff seeks redress. The court then determines when the plaintiff discovered or should have discovered the injury

---

[1] Although defendants also argue that the district court lacked subject matter jurisdiction due to various abstention doctrines, "we and the Supreme Court have reaffirmed that federal courts maintain the inherent flexibility . . . to choose among threshold grounds for disposing of a case without reaching the merits." *Cavanaugh v. Geballe*, 28 F.4th 428, 432 n.4 (2d Cir. 2022) (internal quotation marks omitted). Accordingly, we may consider the statute of limitations issue first.

and begins the four-year statute of limitations period at that point." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 150 (2d Cir. 2012) (internal quotation marks and brackets omitted). Thus, a civil RICO claim accrues when a plaintiff has "actual or inquiry notice of the injury." *Id.* at 151 (internal quotation marks omitted).

Here, the district court properly concluded that Garrasi's RICO claim accrued in July 2016. The alleged purpose of the RICO enterprise was to fraudulently foreclose on the subject property. Garrasi became aware of the foreclosure at least by July 2016, when he intervened in the foreclosure action in state court. Even assuming *arguendo* that Garrasi could not have discovered the alleged fraud at that point, he surely had actual or inquiry notice by late 2016 when he filed an amended answer and counterclaims in which he expressly argued that various defendants unlawfully transferred and acquired the mortgage and notes. Nevertheless, he did not file his complaint until February 22, 2021, more than four years after his claim accrued, and so it was untimely.

Garrasi responds that he was not injured by the foreclosure action (or by his motion to intervene in the foreclosure action) but rather by the expenditure of legal fees. But this directly contradicts the allegations in his complaint, which state that a fraudulent foreclosure and removal of rights to his property was the injury caused by (and the purpose of) the defendants' alleged fraud. Further, even if the legal expenditures were the actual injury, Garrasi was aware that he would likely incur legal expenses when he intervened in the foreclosure action in 2016 even if he did not choose to retain counsel until 2018.

Moreover, the district court did not err by concluding that equitable tolling does not apply in this case. "Equitable tolling is a doctrine that permits courts to extend a statute of limitations

4

on a case-by-case basis to prevent inequity." *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (internal quotation marks omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021) (internal quotation marks omitted). Garrasi did not plead or otherwise sufficiently demonstrate that an extraordinary circumstance stood in the way of his filing his claim. *Id.* He asserts that the defendants concealed the truth of their fraudulent actions and that he acted diligently as soon as he had notice in November 2018 of the possible fraud. But Garrasi could have discovered the alleged fraud at the time he intervened in the foreclosure. As a part of his defense, he would have needed to inquire about the validity of the foreclosure, including the chain of assignments that gave the defendants standing to bring the foreclosure action. Given that mortgage assignments are publicly recorded, Garrasi's argument that he did not have sufficient evidence of fraud in 2016 is unpersuasive.

Finally, because the district court dismissed Garrasi's RICO claim, the only claim over which it had original jurisdiction, it did not abuse its discretion by declining to exercise supplemental jurisdiction over his N.Y. Judiciary Law claim at this early stage in the litigation. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks omitted)).

We have considered Garrasi's remaining arguments and find them to be unpersuasive.

Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court